**Jean PARDINI, Plaintiff,**

v.

**SOUTHERN NEVADA CULINARY AND BARTENDERS PENSION PLAN AND TRUST, et al., Defendants.**

**No. CV–S–89–394–PMP (RJJ).**

United States District Court, D. Nevada.

April 9, 1990.

Victor M. Perri, Edwards, Kolesar, Tiogo & Sewell, Las Vegas, Nev., for plaintiff.

Thomas L. Pursel, Pursel & Pursel, Las Vegas, Nev., John J. Reynolds, Rock, Fusco & Reynolds, Chicago, Ill., and Lani Poderick and Mitchel D. Whitehead, Seyfarth, Shaw, Fair, Weather & Geraldson, Los Angeles, Cal., for defendants.

## ORDER

PRO, District Judge.

On December 15, 1989, Defendants filed a Motion to Strike Plaintiff's Jury Demand (# 35). Plaintiff filed a Memorandum of Points and Authorities in Opposition to the Motion on January 8, 1990 (# 38), to which Defendants filed a Reply Memorandum (# 41) along with a Declaration of Mitchel D. Whitehead (# 42) on January 22, 1990.

Plaintiff's Amended Complaint (# 31) asserts three causes of action, all under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The first cause of action is a claim under 29 U.S.C. § 1132(a)(1)(B), which permits a beneficiary of an ERISA plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA does not, by its terms, provide whether such suits are to be tried to a jury or a judge. However, under the Seventh Amendment[1], there is a Constitutional right to jury trial in any action asserting rights and remedies analogous to common law claims existing in 1791.

A number of cases have held that, because ERISA has much of its basis in trust law, *see, e.g., Firestone Tire & Rubber Co. v. Bruch*, — U.S. —, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989), ERISA claims are equitable and there is no right to a jury trial. *See, e.g., Berry v. Ciba–Geigy Corp.*, 761 F.2d 1003, 1006–07 (4th Cir. 1985). The Ninth Circuit held, in *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir.1985), that there is no independent right to a jury trial in ERISA actions. *Followed in Nevill v. Shell Oil Co.*, 835 F.2d 209 (9th Cir.1987). The Ninth Circuit in *Blau* cited with approval the decisions of other circuits similarly denying a right to jury trial in suits for pension benefits like the case at bar. *In re Vorpahl*, 695 F.2d 318 (8th Cir.1982); *Calamia v. Spivey*, 632 F.2d 1235 (5th Cir.1980); *Wardle v. Central States, Southeast & Southwest Areas Pension Fund*, 627 F.2d 820 (7th Cir.1980). Those cases in turn based their holdings on two factors: 1) the traditionally equitable nature of claims to determine entitlement to benefits under a trust agreement; and 2) the deferential standard employed by courts in reviewing the decisions of trustees, under which a trustee's decision is overturned only if unreasonable.

Plaintiff asserts that he is entitled to a jury trial in spite of the authorities noted above. First, he points out the recent Supreme Court decision in *Firestone Tire & Rubber Co. v. Bruch*, — U.S. —, 109

---

1. The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

S.Ct. 948, 954, 103 L.Ed.2d 80 (1989), in which the Court held a trustee's decision should be subject to *de novo* review at trial, rather than merely an arbitrary and capricious standard, unless the plan in question gives the fiduciary discretion in the determination of benefits and in the construction of the terms of the plan. Because the decisions noted above relied to some extent on the deferential standard of review in holding that trial by jury was inappropriate, Plaintiff reasons, their continuing validity is called into question. Defendants, on the other hand, point out that the trustees in the case at bar have discretion under the terms of the plan to determine benefits and construe the plan's terms. They assert, therefore, that the arbitrary and capricious standard still applies in this situation, and this case is unaffected by the Supreme Court's *Bruch* decision.

This Court finds that the trustees here did have discretion under the benefit plan "to determine eligibility for benefits or to construe the terms of the plan." *Bruch,* 109 S.Ct. at 956. Section 3.01 of the Agreement and Declaration of Trust, Exhibit A to Declaration of Mitchel D. Whitehead (# 42), provides in part:

> The Trustees shall have the exclusive management and control of the Trust and shall have the following powers in addition to all powers elsewhere set forth herein or conferred upon them by law, *which powers may be exercised as the Trustees in their discretion deem necessary or appropriate* in the performance of their duties hereunder: ...
>
> (g) *Construction.* To construe the provisions of this Trust Agreement and the Plan, and *any construction adopted by the Trustees in good faith shall be binding upon the Unions, the Association, the Employers, and all persons claiming by or through them.* (Emphasis added).

Further, Section 7.01 provides: "The Trustees shall have *authority to determine the nature, amount, eligibility for, and duration of pension benefits to be provided from the Fund."* (Emphasis added). The questions involved here, construction of the plan and determination of eligibility, clearly involve the exercise of discretion by the Trustees, mandating an arbitrary and capricious standard of review and indicating that the issue is more appropriately tried to a judge, rather than a jury. *See Johnson v. Trustees of Conf. of Teamsters Pension Trust Fund,* 879 F.2d 651 (9th Cir.1989) (finding discretion to support application of the arbitrary and capricious standard); *Transamerica Occidental Life Ins. Co. v. DiGregorio,* 811 F.2d at 1251 n. 2 ("[W]hether the trustee's conduct or interpretation of his duties was arbitrary or capricious" is "a question traditionally for judges rather than juries.")

Plaintiff argues that this suit is essentially a legal claim involving interpretation of a contract, and he relies on a passage in *Transamerica Occidental Life Ins. Co. v. DiGregorio,* 811 F.2d 1249, 1251 n. 2 (9th Cir.1987):

> In some cases, actions by ERISA beneficiaries to recover benefits are equitable for jury trial purposes.... But these cases involve pension suits against plan trustees, and their holdings turn on trust law rules under which such suits were previously heard in equity.... In such cases, the question presented is whether the trustee's conduct or interpretation of his duties was arbitrary or capricious, a question traditionally for judges rather than juries.... Where an ERISA action is not of this pension-trust type, these cases do not apply.... Here, no deference would be owing to [an insurance company's] construction of its own policy's terms. Furthermore, [the insured] has a legal remedy against [the insurance company] for money immediately and unconditionally payable.... As against [the insurance company], [the insured's] claim for benefits sounds essentially in contract, not in trust. It is no less legal in nature simply because the policy was purchased pursuant to an ERISA plan. (Citations omitted).

However, this case is a "pension suit[ ] against plan trustees" whose "holding[ ] turn[s] on trust law rules", rather than a contract case involving a dispute over an

insurance contract as in *Transamerica.* This argument is therefore to no avail.

Plaintiff finally argues that he is entitled to a trial by jury under the Seventh Amendment because this is an action for money immediately and unconditionally due him, which traditionally was an action at law even though it involved a trust instrument. *See* Restatement (Second) of Trusts § 198(a) (1958); *Wardle,* 627 F.2d at 829. Defendants acknowledge that such an exception to the equitable classification of trust cases exists, but assert that this case does not fall within the exception. There are two differing interpretations of "immediate and unconditional" in the opinions on this subject.

> Some courts have held that a beneficiary's right is immediate and unconditional merely if "the trustee is obligated under the terms of the trust to make distribution to the beneficiaries." Under this view, any case in which the beneficiary is allegedly eligible for past benefits could be tried to a jury. Many plan-enforcement actions satisfy this low threshold because the beneficiary seeks benefits to which he claims he is currently entitled under the terms of the plan. Other courts have strictly construed the term "unconditional" action at law if eligibility is an issue. Under this view, a beneficiary has a right to a jury only if the trustee admits his obligation.

Note, *The Right to Jury Trial in Enforcement Actions Under Section 502(a)(1)(B) of ERISA,* 96 Harv.L.Rev. 737, 751 (1983) (footnotes omitted) (citing *Dixon v. Northwestern Nat'l Bank,* 297 F.Supp. 485, 489 (D.Minn.1969) for broad view and *Davis v. Huge,* 21 Fed.R.Serv.2d (Callaghan) 211, 212 (E.D.Ky.1975); *Sichko v. Lewis,* 191 F.Supp. 68, 68–69 (W.D.Pa.1960) for narrow view). That commentator concluded, after examining the historical availability of the legal actions:

> Plaintiffs in plan-enforcement actions thus bring an action analogous to one at law only if the defendant trustee admits that the plaintiff is entitled to benefits.

Such actions are maintainable only in rare cases in which some collateral fact, such as the trustee's allegation that he has already paid out the trust money, must be resolved.

96 Harv.L.Rev. at 752 (footnotes omitted). Under the broader interpretation, it seems that the exception would swallow the rule. Many beneficiaries seeking benefits claim that such benefits are immediately and unconditionally due, but the resolution turns on interpretation of the trust agreement, a traditionally equitable function. Further, if these cases were tried to a jury, the right to such a jury trial would turn on whether the plaintiff had elected a substantial lump sum payment (as the Plaintiff here did) or was getting the benefits over time so the money would not be "immediately" due.

This Court therefore concludes that the narrow interpretation of the legal action for monies "immediately and unconditionally due" is the better one. This Court further finds that the exception does not apply here where Plaintiff's eligibility for benefits is exactly what is at issue. Plaintiff's claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) is therefore an equitable one, warranting deference to the decision of the trustees, in which trial by jury is inappropriate.[2]

Plaintiff's other two asserted causes of action arise under 29 U.S.C. § 1132(a)(3). That section permits a civil action for injunction or "other appropriate equitable relief." By the statute's own terms, such claims are equitable and therefore no right to trial by jury exists for them.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Plaintiff's Jury Demand (# 35) is granted.

---

**2.** To the extent Plaintiff's first claim seeks to enforce or clarify his right to benefits, such relief is clearly equitable and no jury is warranted.