972 F.2d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fausto G. ANDRADE; Daniel G. Apaez; Kenneth D. Carpenter;
Fred W. Castelin; Jimmie D. Cox; Robin L. (Farber) Ramage;
Lilia M. Gonzalez; Santiago G. Guerrero; Gregory L.
McEwan; Mary L. Rouse; Antonio Sainz; Henry P. Silka;
John Ziats, Plaintiffs-Appellants,
v.
PARSONS CORPORATION, The Ralph M. Parsons Company, Parsons
Constructors, Inc., The Parsons Corporation Employee Stock
Ownership Plan; Robert M. Daiss; Fred H. Felberg; F.
David Frost; Gordon L. Hough; William E. Leonhard; Otha
C. Roddey; Lawrence R. Tollenaere; Robert M. Davidson;
Thomas L. Langford; Larry N. Fincannon; John Mewha; James
R. Sessions, Defendants-Appellees.
 No. 90-56202.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1991.
Decided July 31, 1992.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges, and REED,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 In 1984, Senior Executives with the Parsons Corporation decided it would be wise for their employee stock ownership plan (ESOP), to purchase all publicly held Parsons' stock. To accomplish this end, various employee stock ownership plans sponsored by Parsons' subsidiaries were consolidated. The plaintiffs in this action, Fausto Andrade, and other participants in the stock ownership plan of one of the subsidiaries, Ralph M. Parsons Co. (RMPCo), contend that they subsidized other parties to the stock acquisition transaction and thus were denied an adequate return on their investment. The plaintiffs filed this action under ERISA, alleging that the RMPCo Plan fiduciaries breached their fiduciary duty to plan participants by approving the plan consolidation and the leveraged buyout of the Parsons Corporation.
 
 Jury Trial Request
 
 4
 The district court granted Parsons' motion to strike the appellants' demand for a jury trial. The appellants acknowledge that Ninth Circuit precedent provides that "in ERISA actions there is no independent constitutional or statutory right to a jury trial." Nevill v. Shell Oil Co., 835 F.2d 209, 213 (9th Cir.1987). Under the Seventh Amendment, there is no right to a jury trial in an equitable proceeding. The appellants contend, however, that because they seek compensatory damages they are entitled to a jury trial under the Seventh Amendment. The mere fact that the appellants would receive a monetary award should they prevail does not mandate that the action be characterized as legal rather than equitable. See Curtis v. Loether, 415 U.S. 189, 196 (1974). The complaint filed by the appellants seeks restitution of losses and disgorgement of profits as a result of an alleged breach of fiduciary duty owed a trustee to a beneficiary. Such a claim is analogous to a classic equitable proceeding for equitable relief within the jurisdiction of courts of equity. See Local No. 391 v. Terry, 494 U.S. 558, 570-572 (1990). Appellants' claims here are not analogous to claims for back pay as were the claims at issue in Terry, 494 U.S. at 570, and Wooddell v. International Brotherhood of Electrical Workers, Local 71, 112 S.Ct. 494, 496 (1991). The Supreme Court's decisions in those cases do not require us to reexamine Nevill as appellants ask. In oral argument appellants relied upon DePinto v. Provident Security Life Insurance, 323 F.2d 826, 837 (9th Cir.1963), a diversity stockholder derivative action holding that the breach of fiduciary duty claim there alleged was legal, not equitable, because of the nature of the underlying conduct of the defendants. DePinto has little relevance to this ERISA case and embodies an approach which differs from recent Supreme Court analyses of federal statutory claims.
 
 Breach of Fiduciary Duty
 
 5
 On the merits, appellants first argue that the district court erred in determining that the Parsons Retirement Committee did not breach its ERISA fiduciary duties to the RMPCo plan employees in approving the leveraged buyout and investing ESOP funds in the Parsons Corporation.
 
 
 6
 Under ERISA section 404(a)(1)(B), the Retirement Committee had certain fiduciary obligations to plan participants. 29 U.S.C. § 1104(a)(1)(B). Plaintiffs allege that this fiduciary duty was breached by the Retirement Committee through its failure to seek and obtain a fairness opinion on the adequacy of the consideration received by pre-consolidation plan participants for their willingness to join in the leveraged buyout. The plaintiffs readily admit that all parties to the transaction were well advised during the transaction negotiations, but argue that the district court erred by allocating too much weight to this advice. This argument is in error. The district court did not rely solely on the fact that the Retirement Committee members were well advised legally and financially. The district court relied on the Committee members' testimony that they knew of their fiduciary obligations, that they understood these obligations and performed in accordance with these duties. The court found the Retirement Committee witnesses credible and concluded that the Committee members employed the "appropriate methods to investigate the merits of the investment and to structure the investment." Donovan v. Mazzola, 716 F.2d 1226, 1232 (9th Cir.1983), cert. denied, 464 U.S. 1040 (1984).
 
 
 7
 The plaintiffs offered expert opinion testimony in support of their contention that the Retirement Committee members breached their fiduciary duty. The district court found this testimony conclusory and not credible.
 
 
 8
 When the transaction was negotiated, the Retirement Committee, its advisors, and the Parsons' Senior Executives had no way of knowing the full implications of the leveraged buyout. The district court found that the Retirement Committee evaluated the transaction thoroughly, examining short-term and long-term advantages and disadvantages. Further, the court found that the prop price as well as the bargained sale were mechanisms negotiated for, and agreed to, by the parties to the transaction to protect the pre-consolidation plan participants. There is no evidence in the record that squarely contradicts these district court findings. The district court's conclusion, that the Retirement Committee properly exercised its fiduciary duties with respect to the plan participants, must be affirmed.
 
 Senior Executives and Board Members
 
 9
 The plaintiffs argue that Parsons' Senior Executives and members of the Parsons' Board of Directors exercised control over the decisions of the Retirement Committee and thus were liable as plan fiduciaries. The district court found that because the nonboard Senior Executives had no authority over the management or disposition of plan assets, and exerted no control over the Retirement Committee, they were not fiduciaries of the ESOP under ERISA. 29 U.S.C. § 1002(21)(A). One Senior Executive's efforts to ensure that the Retirement Committee retained both a financial advisor (Houlihan, Lokey, Howard & Zukin) and a legal advisor (O'Melveny & Myers) does not support an inference that Senior Executives exercised "control" over the Retirement Committee. The district court heard uncontroverted testimony from Retirement Committee members that they acted independently, solely and exclusively for the benefit of the ESOP participants. The district court's finding that the Senior Executives did not control the Retirement Committee is amply supported by the record.
 
 
 10
 Members of the Parsons' Board of Directors owed a fiduciary duty to Plan participants. The Plan document gives the Board exclusive authority to appoint members of the Retirement Committee. On appeal the plaintiffs do not challenge the district court's determination that this appointment duty was not breached by the Board of Directors. Instead the plaintiffs contend that by ratifying the component parts of the transaction--the acquisition agreement, the prop price, and the bargain sale--the Board of Directors enabled other fiduciaries to breach their duties and consequently are liable as co-fiduciaries under ERISA § 405(a)(2). 29 U.S.C. § 1105(a)(2). To prevail with this argument the plaintiffs would need to establish that the Retirement Committee breached its fiduciary duty, a contention rejected above. Further, section 405(a)(2) creates liability only where the conduct giving rise to liability involves the breach of a fiduciary duty. In this case, the Board's fiduciary duties were limited to the appointment and oversight of Retirement Committee members. Only the Board's failure to comply with these specific responsibilities will give rise to co-fiduciary liability under section 405(a)(2).
 
 
 11
 The plaintiffs also allege that the Board members breached their fiduciary duties by adopting the consolidation and the third amendment to the ESOP. The district court correctly dismissed this charge. As the district court found, the Board members discharged their fiduciary duty by meeting with the Retirement Committee and carefully examining the Committee's recommendation with respect to the consolidation and the third amendment to the ESOP.
 
 Prohibited Transaction Issue
 
 12
 Pursuant to the consolidation and leveraged buyout, RMPCo purchased shares of stock held by "Associated Persons," who were primarily employees of the corporation. These shares were later cashed out. The plaintiffs contend that RMPCo's purchase amounted to a prohibited transaction under ERISA because the ESOP could not have purchased the shares directly. ERISA section 406 prohibits a fiduciary from engaging in "a transaction, if he knows or should know that such transaction constitutes a direct or indirect--(A) Sale or exchange, or leas[e], of any property between the plan and a party in interest." 29 U.S.C. § 1106(a)(1)(A). The type of stock transaction was not a prohibited one, as the Parsons' shares were never assets (or property) of the Plan. See 29 C.F.R. § 2510.3-101(a)(2), (h)(3).
 
 Plan Termination
 
 13
 The district court correctly held that the "consolidation did not have the effect of either a termination of or a discontinuance of contributions to the CSRP, the Savings Plan, and/or the RMPCo ESOP." The district court's decision was supported by a letter of determination, issued by the IRS, finding that the amended ESOP complied with IRS provisions, including those provisions regulating the distribution of benefits upon termination of the Plan or complete discontinuance of contributions. In this case, the amendments to the Plan did not terminate the Plan, consequently RMPCo plan participants were not entitled to any distribution of funds under ERISA section 4044(a). 29 U.S.C. 1344(a).
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable Edward C. Reed, Jr., Chief District Judge, District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3