Dale SHADOAN, Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT IN-SURANCE COMPANY; and Big Three Industries, Inc. Group Insurance Plan, Defendants.

No. CV 92–6986–SVW (EEx).

United States District Court, C.D. California.

March 19, 1993.

William M. Shernoff, Michael J. Bidart, Frank N. Darras, Theresa J. Barta, Sharon J. Arkin, Shernoff, Bidart & Darras, Claremont, CA, for plaintiff.

Stephen H. Galton, David A. Lingenbrink, Michael Hoffman, Galton & Helm, Los Angeles, CA, for defendants.

### ORDER DENYING PLAINTIFF'S MOTION FOR JURY TRIAL

WILSON, District Judge.

### I. Background

Plaintiff Dale Shadoan ("Shadoan") brings this action pursuant to various sections of the

908

Employee Retirement Income Security Act ("ERISA") in order to recover long term disability benefits ("LTDB") under a plan sponsored and offered by his employer, Big Three Industries ("Big Three").

On July 14, 1984, Shadoan, after working for Big Three for approximately six years, sustained injuries to his back and neck as a result of an on cite explosion. Thereafter, Big Three's physician ordered Shadoan to light duty and physical therapy. Big Three eventually terminated Shadoan, allegedly because of restrictions placed on his ability to work.

Shadoan received short term disability benefits from Provident Life and Accident Insurance Company ("Provident"). Provident eventually began paying Shadoan LTDBs as well. However, on December 4, 1989, Provident notified Shadoan that Provident intended to discontinue Shadoan's benefits.

Shadoan unsuccessfully appealed Provident's decision to discontinue benefit payments. Shadoan then filed the current complaint. Shadoan now moves for a jury trial.

Because the vast majority of courts, including the Ninth Circuit, hold that ERISA actions are for the courts to decide and because Shadoan seeks equitable remedies, the Court DENIES SHADOAN'S MOTION FOR A JURY TRIAL.

## II. Discussion

### A. The Majority Position in ERISA Actions

ERISA fails to specify whether pension and health plan actions call for a jury trial. The majority of courts hold that actions under 29 U.S.C. § 1132(a), the civil enforcement section of ERISA, do not require jury trial. *See Nevill v. Shell Oil Co.*, 835 F.2d 209, 213 (9th Cir.1987) ("We held in *Blau* that in ERISA actions there is no independent constitutional or statutory right to a jury trial.... Thus, we uphold the denial of a jury trial.") (citing *Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir.1984)); *Steeples v. Time Insur. Co.*, 139 F.R.D. 688, 689 (N.D.Okla.1991) (upholding the right to jury trial, though noting that "the clear weight of

authority is against allowing jury trials in ERISA matters. Eight federal circuit courts have ruled that jury trials under ... 29 U.S.C. § 1132(a)(1)(B) are not required by the Seventh Amendment because the remedy provided is equitable in nature.").

### B. The Nature of the Relief Sought

Shadoan argues that the weight of authority against jury trials in ERISA matters does not bind the Court in the present matter. Shadoan alleges that ERISA actions such as his, which seek medical benefits instead of pension benefits, are legal in nature because the actions resemble contract disputes. Shadoan claims that the authority holding that ERISA does not afford plaintiffs the right to a jury trial applies to pension cases, which are more equitable in nature because pension disputes parallel trustee/beneficiary causes of action.

When a plaintiff seeks legal relief, he is usually entitled to a jury trial. *See Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 563, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990) ("this Court has carefully preserved the right to trial by jury where legal rights are at stake."). Conversely, equitable matters are for the court to decide. Shadoan argues that the Supreme Court's test for delineating between legal and equitable relief weighs in his favor because his action resembles a contract action.

In *Terry*, the Supreme Court applied a two-part test to determine whether an action would resolve legal rights. The Supreme Court asked: (1) What is the nature of the issues involved, compared to the 18th Century actions brought in the courts in England prior to the merger of law and equity; and (2) is the remedy sought legal or equitable in nature? The second part of the test is the more important element of the inquiry. *Id.* 494 U.S. at 568–69, 110 S.Ct. at 1347.

Shadoan avers that his action resembles a contract action, which is legal in nature. He also claims that his prayer for monetary damages bolsters the legal, as opposed to equitable, aspects of his case. The test spelled out in *Terry* does not provide a black and white resolution to this case. Shadoan's

requests for relief prominently include prayers for both declarations about his disabled status and injunctions preventing Provident from denying coverage.

*Terry* noted two exceptions to the general rule that monetary damages are legal in nature: where damages are purely restitutionary and where damages are incidental to injunctive relief. *Terry,* 494 U.S. at 570–71, 110 S.Ct. at 1348 (citations omitted). The Court finds that the relief sought by Shadoan is equitable in nature and that the legal relief sought is incidental to injunctive relief.

The reinstatement of his benefits, the declaration of his eligibility for LTDBs and an order enjoining Provident from denying coverage comprise the thrust of Shadoan's requested relief. The nature of these requests convinces the Court that any legal relief sought is incidental to equitable relief.

Shadoan cites several district court cases which provided a jury trial to ERISA plaintiffs. However, even cases which purportedly support Shadoan's position that his relief would be legal are easily distinguishable. *See, e.g., Steeples,* 139 F.R.D. at 694 (upholding the right to a jury trial but stating "Plaintiffs, however do not seek reinstatement of the policy, nor any form of continuing coverage. They seek money damages alone, as measured by the amount of medical costs not paid by the insurer."); *Trustees of the Central States v. Golden Nugget,* Inc., 697 F.Supp. 1538 (C.D.Cal.1988) (Allowing jury trial when parties *consented* to put the matter before a jury).

Finally, the only circuit court which has squarely addressed the alleged difference between pension actions and health benefits actions under ERISA found that the relief sought in a health benefits action was equitable, and thus for the court to decide. *See Blake v. Unionmutual Stock Life Insur. Co.,* 906 F.2d 1525 (11th Cir.1990).

### III. Conclusion

For the stated reasons, the Court declines to depart from the clear trend to deny jury trials in ERISA matters. Therefore, SHA-

DOAN'S MOTION FOR A JURY TRIAL IS DENIED.

IT IS SO ORDERED.