8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Debra S. NORRIS; Barry Levi Beggs; Debra S. Norris, as
guardian ad litem for Barry Levi Beggs, a minor,
Plaintiffs-Appellants,
v.
GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Defendant-Appellee.
 No. 92-55483.
 United States Court of Appeals, Ninth Circuit.
 Sept. 24, 1993.
 
 1
 Before: BROWNING, FARRIS and KELLY,* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Norris invoked the district court's diversity jurisdiction and alleged breach of contract, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress. Norris's state law claims can not survive ERISA preemption.
 
 
 4
 "ERISA contains one of the broadest preemption clauses ever enacted by Congress." PM Group Life Ins. Co. v. Western Growers Assur. Trust, 953 F.2d 543, 545 (9th Cir.1992) (quotation omitted). The ERISA provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). A state law "relate[s] to" an employee benefit plan "if it has a connection with or reference to such a plan." Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 8 (1987) (quotation omitted). The ERISA preemptive provision is to be broadly construed and extends to common law tort and contract actions. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987); Scott v. Gulf Oil Corp., 754 F.2d 1499, 1504 (9th Cir.1985).
 
 
 5
 We have held that ERISA preempts state claims for breach of contract, Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489 (9th Cir.1988), and breach of the covenant of good faith and fair dealing. Nevill v. Shell Oil Co., 835 F.2d 209, 212 (9th Cir.1987). ERISA also preempts claims for intentional infliction of emotional distress. Johnson v. District 2 Marine Engineers Beneficial Ass'n, 857 F.2d 514, 517-18 (9th Cir.1988).
 
 
 6
 Norris's attempt to fit her action within ERISA's savings clause is misplaced. ERISA exempts from its broad preemptive reach state laws that "regulate[ ] insurance." 29 U.S.C. § 1144(b)(2)(A). A state law "regulates insurance" when it is: 1) limited to the insurance industry; 2) has the effect of transferring or spreading a policyholder's risk; and 3) relates to the policy itself. Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 743 (1985). An example of a state law that "regulates insurance" is one which mandates conversion rights for employees insured under group life policies. Henkin v. Northrop Corp., 921 F.2d 864, 867 (9th Cir.1990). Norris's common law tort and contract claims do not even arguably fall within the definition of state laws that "regulate insurance." See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62 (1987) (holding that contract and tort claims based upon common law of general application are not laws regulating insurance).
 
 
 7
 Norris also argues that her claims are made under an individual policy, and not under the Group Plan. We reject the argument. Where the state claim has a connection with, or makes reference to, the ERISA plan, it "relates to" such plan, and ERISA preemption of the state law claim applies. Pilot Life, 481 U.S. at 47. Norris's right, if any, to receive conversion benefits, depends upon, and makes reference to, the Group Plan. Her state law claims are therefore preempted. See Greany v. Western Farm Bureau Life Ins. Co., 973 F.2d 812, 817 (9th Cir.1992) (holding that ERISA preempts state law claims based on conversion privilege which exists only as part a Group Plan). Klosterman v. Western Gen. Management, Inc., 805 F.Supp. 570, 574 (N.D.Ill.1992) (same).
 
 
 8
 DISMISSED.
 
 
 
 *
 The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3