CITY OF HOPE NATIONAL MEDICAL CENTER, Plaintiff,

v.

BLUE CROSS OF CALIFORNIA et al., Defendants.

No. CV–95–7742 KMW (RMCx).

United States District Court,
C.D. California.

April 4, 1996.

Gary L. Tysch, Law Offices of Leibovic & Tysch, Upland, CA, for City of Hope National Medical Center.

Aileen F. Bruno, Legal Department, Blue Cross of California, Woodland Hills, CA, for Blue Cross of California.

### MEMORANDUM OF OPINION

WARDLAW, District Judge.

The Court has considered Defendant's Motion to Strike Plaintiff's Jury Demand, (the "Motion"), which was filed on February 9, 1996, as well as Plaintiff's Opposition to the Motion to Strike, which was filed on February 23, 1996, and Defendant's Reply to the Opposition to the Motion to Strike, which was filed on March 1, 1996. The Court heard oral argument on the matter on March 11, 1996. Following oral argument, the Court permitted the parties to file additional briefs regarding the propriety of an interlocutory appeal. The parties filed supplemental briefs on March 21, 1996. The Court has read and reviewed all of the papers filed by the parties in connection with the Motion, and based upon the briefs submitted by the parties, the oral argument of counsel, as well as all files and records in this case, the Court is prepared to rule on the Motion, and hereby **GRANTS** Defendant's Motion.

### I. BACKGROUND

Plaintiff City of Hope National Medical Center ("Plaintiff" or "City of Hope"), as assignee of Mr. Lynn Harmon, beneficiary, brought this ERISA action pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover medical benefits allegedly owed by Defendants Blue Cross of California ("Blue Cross" or "Defendant") and the Motion Picture Industry Health Plan ("the Plan") by reason of a medical insurance policy that was held by Mr. Harmon and issued through the Plan. This lawsuit centers around whether Mr. Harmon, under specialized treatment for his melanoma, was entitled to coverage for treatment with a drug called Interleuken II, which the Plan contended was an "investigative" treatment not covered by the Plan.

### II. ANALYSIS

■ Blue Cross[1] has moved to strike Plaintiff's jury demand on the ground that Ninth Circuit law establishes that "in an ERISA action there is no independent constitutional or statutory right to a jury trial." *Nevill v. Shell Oil Co.*, 835 F.2d 209, 212–213 (9th Cir.1987) (upholding the denial of a jury trial in the ERISA pension context), *citing Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir.1984). As a preliminary matter, *Blau* relied upon three cases from other Circuits to determine that no jury trial was available in the ERISA pension context. *See In re Vorpahl*, 695 F.2d 318, 320–21 (8th Cir.1982); *Calamia v. Spivey*, 632 F.2d 1235, 1236–37 (5th Cir.1980); *Wardle v. Central States*, 627 F.2d 820, 828–30 (7th Cir.1980), *cert. denied* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). It is apparent from review of these cases, as well as the others cited by the parties, that the Ninth Circuit has at least impliedly considered and rejected each argument advanced by Plaintiff in opposition to this Motion.

First, Plaintiff has argued that the case law generally distinguishes between ERISA actions which involve pensions and those which involve health or medical benefits. Although ERISA makes no express provision for a jury trial, some courts have recognized an implied right to a jury trial in ERISA actions on a theory that they are essentially contractual in nature, and involve legal rather than equitable relief. *See Stamps v. Michigan Teamsters Joint Council No. 43,* 431 F.Supp. 745 (E.D.Mich.1977). In particular, the *Stamps* court found that based upon the statutory construction of § 1132(a)(1)(B) (authorizing monetary relief) in conjunction with § 1132(a)(3) (authorizing equitable relief), any conclusion other than finding subsection (a)(1)(B) to provide for *legal relief*— and thus a jury trial—would render that subsection mere surplusage. However, the *Vorpahl* court, cited by the Ninth Circuit in *Blau,* expressly considered and rejected this analysis, and concluded that an action under § 1132(a)(1)(B) to recover monetary amounts

---

1. Defendant Motion Picture Industry Health Plan has not yet appeared in this action.

due from a pension benefit plan is *equitable* in nature because "any monetary relief turns on a determination of entitlement to benefits. . . ." *Vorpahl,* 695 F.2d at 322. *See also Wardle,* 627 F.2d at 828–829 (finding that an action under § 1132(a)(1)(B) to recover benefits allegedly due under a pension plan is *equitable* in nature, and affirming the denial of a jury trial). It is clear to this Court that *Stamps* is not the law of the Ninth Circuit. Moreover, it should be noted that the case at bar, for the recovery of medical plan benefits, is brought under § 1132(a)(1)(B), which is the same section as the cases for the recovery of pension plan benefits described above. Thus, the distinction between medical and pension benefits is more apparent than real.

Further, as Blue Cross has noted, every federal court to consider the issue after *Blau* has held that there is no right to a jury trial for ERISA claims. *See, e.g., Blake v. Unionmutual Stock Life Ins. Co. of America,* 906 F.2d 1525 (11th Cir.1990); *Bair v. General Motors Corp.,* 895 F.2d 1094 (6th Cir.1990); *Pane v. RCA Corp.,* 868 F.2d 631 (3d Cir. 1989). The *Pane* court followed what it identified as the majority view among the Circuits, and in particular, cited *Blau* and *Nevill* for the proposition that a subsection (a)(1)(B) claim for the recovery of benefits under an ERISA employee benefit plan is equitable in nature so that striking a jury demand was not erroneous. *Pane,* 868 F.2d at 631.

District Courts within the Ninth Circuit have also denied jury trials in ERISA actions. The Court finds persuasive the analysis in *Shadoan v. Provident Life and Accident Ins. Co.,* 824 F.Supp. 907 (C.D.Cal. 1993), in which Judge Wilson cited *Blau* and *Nevill* and denied the plaintiff's motion for a jury trial. The *Shadoan* court stated that eight Circuits have ruled that jury trials are not required for cases brought pursuant to § 1132(a)(1)(B), and specifically found that the distinction between pension actions and health benefits actions was not persuasive. *Shadoan,* 824 F.Supp. at 908. *See also Pardini v. Southern Nevada Culinary and Bartenders Pension Plan and Trust,* 733 F.Supp. 1402–03 (D.Nev.1990) (holding that a plaintiff bringing suit to recover pension benefits under § 1132(a)(1)(B) was not entitled to a jury trial).

The Court has fully considered Plaintiff's argument that it has a Seventh Amendment right to a jury trial. The Ninth Circuit may have impliedly considered the Seventh Amendment when it stated that in an ERISA action "there is no independent *constitutional* or statutory right to a jury trial," *Nevill,* 835 F.2d at 212–213 (emph. added). However, the Court finds more helpful the guidance provided by the most recent Ninth Circuit case to address the availability of a jury trial in the ERISA context. *Spinelli v. Gaughan,* 12 F.3d 853 (9th Cir.1993). Although the *Spinelli* court noted the general rule that jury trials are unavailable under ERISA, citing *Blau* and *Nevill,* the Ninth Circuit examined the issue anew in light of recent Supreme Court decisions which have interpreted the Seventh Amendment right to a jury trial. *Spinelli,* 12 F.3d at 855. In its analysis of a claim of retaliatory discharge for exercising ERISA rights, the Ninth Circuit ultimately concluded that the § 1132(a)(3)(A) action was equitable, and did not require a jury trial. However, in considering the retaliatory discharge claim which was before it, the Ninth Circuit concluded specifically that although the *claim* was analagous to the tort of retaliatory discharge which is legal rather than equitable in nature, more weighty was the fact that the nature of the *remedy* was equitable. *Spinelli,* 12 F.3d at 857. Thus, the Ninth Circuit found no right to a jury trial. *Id.,* 12 F.3d at 858.

Applying the foregoing analysis to the case at bar, the Court notes that although Plaintiff's claim under § 1132(a)(1)(B) does seek monetary relief, it does not necessarily follow that it is legal in nature. As the *Pardini* court concluded, legal actions traditionally have been those for which monies are "immediately and unconditionally due." *Pardini,* 733 F.Supp. at 1405. The Court cannot conclude that the monetary relief in the instant case is immediately and unconditionally due. To determine whether relief is appropriate, it will be necessary to interpret the Plan benefits, and in particular what constitutes "investigative" treatment that is not covered under

the Plan. The Court also notes that the complaint alleges that Defendants' employees and representatives acted as fiduciaries in their handling of claims under the Plan. Complaint, ¶ 10. In sum, the analysis of what benefits are due under the Plan, and whether monetary relief is appropriate, is essentially equitable in nature given the facts presented.

■ Finally, the Court has considered whether to certify an interlocutory appeal under 28 U.S.C. § 1292(b). Although the Court is persuaded that the right to a trial by jury is a fundamental right which involves a controlling issue of law, the Court is not equally persuaded that this issue is the subject of a substantial difference of opinion in the federal courts. While a small minority among the federal courts has concluded that there is a right to a jury trial under similar circumstances, this difference of opinion cannot be considered substantial given the virtual unanimity on this issue among the various Circuits and indeed within the Ninth Circuit whose rulings this Court is bound to follow. Moreover, the *Spinelli* decision, in which the Ninth Circuit recently considered anew the issue of the right to a jury trial in the ERISA context, does not alter the conclusion that there is no substantial difference of opinion. Finally, having examined the procedural posture of the case at bar, this Court cannot conclude that an immediate appeal would advance the ultimate conclusion of this litigation.

### III. CONCLUSION

The Court finds that Plaintiff has no right to a jury trial for this action to recover medical plan benefits brought pursuant to § 1132(a)(1)(B). Therefore, this Court hereby **GRANTS** Defendant's Motion to Strike Plaintiff's Jury Demand, and declines to certify the matter for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).