Sherry L. WILLIAMSON, Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant.

No. CV 96–6070 DDP.

United States District Court,
C.D. California.

Oct. 15, 1996.

Michael J. Bidart, William M. Shernoff, Frank N. Darras, Theresa J. Barta, Shernoff Bidart & Darras, Claremont, CA, for Sherry L. Williamson.

Lesley C. Green, Russell G. Petti, Bannan Green Smith Frank & Rimac, Los Angeles, CA, for Unum Life Insurance Company of America.

### ORDER

PREGERSON, District Judge.

This matter comes before the Court on Defendant UNUM Life Insurance Company of America's ("UNUM") Motion for Partial Summary Judgment. UNUM seeks an order stating that the appropriate standard of review in this case is abuse of discretion and that the scope of review will be limited to the administrative record. Oral argument was heard on September 24, 1996. After consideration of the parties' oral and written arguments and the applicable authorities, the Court denies UNUM's motion. The Court *sua sponte* grants partial summary judgment in favor of Plaintiff and holds that the *de novo* standard of review applies to this case.

*BACKGROUND*

Plaintiff Sherry Williamson ("Plaintiff") began her employment with Landmark Land Company, Inc. ("Landmark") in 1981. By virtue of this employment, Plaintiff was covered by UNUM Long Term Disability Insurance Policy No. 323004 (the "Policy") issued to Landmark by UNUM.

In 1989, Plaintiff was injured in an automobile accident. Plaintiff submitted a claim for disability benefits in October 1991. After UNUM obtained the required documentation from Plaintiff, UNUM commenced the payment of benefits.

The Policy provides that the claimant, upon request, must provide UNUM with proof of continued disability and regular attendance of a physician. Such proof must be provided within 30 days of the request. It must cover the date the disability started, the cause of the disability, and the seriousness of the disability. *See* Policy at 35–36 (Petti Decl.Ex. A). In addition, monthly disability benefits are to be reduced by the amount of disability benefits to which the employee is entitled under the Social Security Act.

UNUM contends that despite numerous requests for information, Plaintiff failed to provide the necessary documentation regarding her continued disability. In addition, in August 1992 Plaintiff did not attend an independent medical examination ("IME") which UNUM arranged for Plaintiff pursuant to its right under the Policy. *See* Policy at 35 (Petti Decl.Ex. A); Administrative Record, 413. UNUM cites additional examples of purported lack of cooperation by Plaintiff.

Plaintiff contends that she provided UNUM with all the necessary information. Moreover, Plaintiff signed an authorization allowing UNUM to obtain the necessary medical information itself.[1] UNUM asserts that the authorization could not be used to obtain medical records because it was three years old and Plaintiff refused to supply UNUM with a current authorization. UNUM has presented no evidence, however,

---

1. UNUM contends that the authorization had expired after one year pursuant to California Welfare and Institutions Code § 10850.2. This code section deals with public assistance applications and provides in pertinent part:

   [F]actual information relating to eligibility provided solely by the public assistance recipient contained in applications and records made or kept by any public officer or agency in connection with the administration of any public assistance program shall be open for inspection by the recipient to which the information relates and by any other person authorized in writing by such recipient. The written authorization shall be dated and signed by such recipient and shall expire one year from the date of execution.

   Cal.Welf. & Inst.Code § 10850.2. This code section does not appear to have any application here.

that any medical providers actually refused to honor Plaintiff's authorization.

On December 31, 1993, UNUM canceled Plaintiff's benefits because of Plaintiff's purported lack of cooperation in supplying proof of continuing disability. UNUM acknowledged in oral argument that because of Plaintiff's purported lack of cooperation, it never made a determination on the merits of Plaintiff's claim. This action ensued.

## DISCUSSION

### A. Standard of Review

■ A determination denying benefits under an ERISA plan is reviewed *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989). When the plan confers discretion, the determination is reviewed for an abuse of discretion.[2] An abuse of discretion may be found where the decision is in bad faith, not supported by substantial evidence, or erroneous on a question of law. *See Nevill v. Shell Oil Co.,* 835 F.2d 209, 212 (9th Cir.1987).

■ Here, UNUM does not have an express grant of discretion. Nonetheless, UNUM contends that the following language inherently confers discretion:

Proof of continued total disability and regular attendance of a physician must be given to the Company within 30 days of the request for the proof.

*See* Policy at 34–35 (Petti Decl.Ex. A).[3]

In support of this argument, UNUM relies primarily on *Snow v. Standard Ins. Co.,* 87 F.3d 327, 330 (9th Cir.1996). The Ninth

---

**2.** Some cases state that the "arbitrary and capricious" standard is applied, whereas others use the term "abuse of discretion." These terms are used interchangeably and "differ in name only." *Atwood v. Newmont Gold Co., Inc.,* 45 F.3d 1317, 1321 n. 1 (1995).

**3.** The Policy further discusses Plaintiff's obligations concerning "proof" as follows:

The proof must cover:
(i)  the date the disability started;
(ii)  the cause of disability;  and
(iii)  how serious the disability is.

---

Circuit found that the policy in *Snow* gave the administrator the inherent power to determine eligibility, based on the following analysis:

The plan before us provides that there will be no benefit payment unless Standard is presented with what **it considers to be satisfactory written proof** of the claimed loss. We see no relevant difference between that and plans which declare that the plan administrator will determine eligibility. It is apparent that both require the administrator to decide whether the person has become eligible as a result of presentation of satisfactory proof to that effect.

87 F.3d at 330 (emphasis added) (citing *Donato v. Metropolitan Life Ins. Co.,* 19 F.3d 375, 378–80 (7th Cir.1994); *Miller v. Metropolitan Life Ins Co.,* 925 F.2d 979, 983–84 (6th Cir.1991); *Bali v. Blue Cross and Blue Shield Ass'n,* 873 F.2d 1043, 1047 (7th Cir. 1989)).

*Snow* is factually distinguishable. In *Snow,* there was an unambiguous grant of discretionary authority to the administrator. The policy language there clearly reserved to the administrator the authority to require that it be presented with what *it considers* to be satisfactory proof. The UNUM Policy contains no such grant of discretion. Indeed, the Policy gives no guidance concerning the standard under which the proof is to be evaluated.

The Sixth Circuit addressed this issue in *Perez v. Aetna Life Ins. Co.,* 96 F.3d 813 (6th Cir.1996). The *Perez* court interpreted plan language similar to that at issue here[4] and found that the insurance company was not granted discretionary authority. In address-

---

*Id.*

**4.** The insurance company in *Perez* relied upon the following plan language:

Subsequent written proof of the continuance of such disability must be furnished to [the company] at such intervals as [the company] may reasonably require.... [The company] shall have the right to require as part of the proof of claim satisfactory evidence ... 2) that [the claimant] has furnished all required proofs for such benefits.

*Perez,* 96 F.3d at 825.

ing this narrow issue, the *Perez* court reasoned,

> [S]imply because [the company] has the ability to require written proof before continuing disability benefits does not mean that [the company] has the discretionary authority to decide whether that proof is sufficient within the meaning of the Plan. Second, simply because [the company] may require 'satisfactory proof' does not give the insurance company discretionary authority, either. The quoted Plan provision does not specify **to whom** the proof should be satisfactory.

*Perez*, 96 F.3d at 826 (emphasis added). The *Perez* Court distinguished a number of cases relied upon by the Ninth Circuit in *Snow*. *See Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375, 378–80 (7th Cir.1994) ("all proof must be satisfactory to us") (emphasis added); *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983–84 (6th Cir.1991) ("on the basis of medical evidence satisfactory **to the Company**") (emphasis added); *Bali v. Blue Cross and Blue Shield Ass'n*, 873 F.2d 1043, 1047 (7th Cir.1989) ("on the basis of medical evidence satisfactory **to the Committee**") (emphasis added), *cited with approval in Snow*, 87 F.3d at 330, and *distinguished in Perez*, 96 F.3d at 826–27.

Unlike *Snow* and the cases cited therein, the Policy at issue here does not specify that the proof must be satisfactory, much less that the proof must be satisfactory to UNUM. UNUM contends that sufficiency of the proof is implied. However, as reasoned in *Perez*, the policy language is inherently ambiguous because it may create an objective standard, *i.e.* proof satisfactory to a reasonable person. *See Perez*, 96 F.3d at 825–26. The Court need not determine precisely the standard created, but merely that the language does not clearly give UNUM discretion.

■ Although it is true that a plan need not use "magic words," the plan must nonetheless unambiguously grant discretion for the abuse of discretion standard to apply. *See Bogue v. Ampex Corp.*, 976 F.2d 1319, 1325 (9th Cir.1992) (abuse of discretion standard applies where plan administrator unambiguously retains power to apply discretion).

The Court finds the reasoning of the Sixth Circuit in *Perez* to be persuasive and concludes that the Policy does not grant UNUM discretionary authority. Accordingly, the Court holds that the *de novo* standard of review applies and grants partial summary judgment in Plaintiff's favor *sua sponte*.

### B. *Record on Review*

■ Under the *de novo* standard, review is generally limited to the administrative record. The court may, in its discretion, consider additional evidence not before the administrator. Such discretion should be exercised, however, "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 944 (9th Cir.1995).

■ The Court finds that issues of fact remain regarding whether evidence outside the administrative record must be considered in order to conduct an adequate *de novo* review. In addition, the Court makes no determination whether the record submitted by UNUM in support of its motion is in fact the complete administrative record. Plaintiff is entitled to an opportunity to determine by limited discovery whether the administrative record before the Court is complete. *See Public Power Council v. Johnson*, 674 F.2d 791, 793–94 (9th Cir.1982). Contrary to the standing order referring discovery disputes to a Magistrate Judge, the Court will hear any discovery disputes in this case.

### CONCLUSION

For the reasons stated above, UNUM's motion for partial summary judgment is denied in its entirety. The Court further holds that the *de novo* standard of review applies, and partial summary judgment is granted *sua sponte* in Plaintiff's favor on this issue.

IT IS SO ORDERED.