**Steve CAMERER, Plaintiff—Appellee,**

**v.**

**CONTINENTAL CASUALTY COMPANY, aka CNA Insurance Company; Birmingham Steel Corporation Group Disability Plan, Defendants—Appellants.**

Steve CAMERER, Plaintiff—Appellant,

v.

Continental Casualty Company, aka
CNA Insurance Company; Birming-
ham Steel Corporation Group Disabil-
ity Plan, Defendants—Appellees.

No. 02–35679, 02–35713.
D.C. No. CV–01–01025–BJR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 2003.

Decided Oct. 1, 2003.

Before THOMPSON, HAWKINS, and
BERZON, Circuit Judges.

MEMORANDUM *

Continental Casualty Co. ("CNA") and Birmingham Steel appeal the district court's award of disability benefits to former Birmingham Steel employee Steve Camerer under an ERISA-governed welfare benefits plan. Camerer cross-appeals, seeking remand to CNA to determine his eligibility for benefits after the first twenty-four months as well as an award of attorneys' fees. We affirm in part, vacate in part, and remand. As the parties are familiar with the facts of the case, we state them here only as necessary to explain our decision.

I. Camerer's Eligibility for "Regular Occupation" Benefits

Under Birmingham Steel's CNA-administered disability plan, benefits are available for up to twenty-four months so long as the claimant is "continuously unable to perform the substantial and material duties of his regular occupation." CNA initially denied Camerer's claim on December 13, 1999. Camerer promptly filed a notice of appeal, which eventuated in a "reconsideration" and denial of his claim on February 7, 2000, and a "final and binding" denial on appeal on May 11, 2000.

The plan in effect on December 13, 1999 ("1999 Plan") did not confer discretion on CNA to interpret the terms of the plan under *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), and *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1090 (9th Cir.1999) (en banc). The plan in effect from January 2000 onward ("2000 Plan") did confer such discretion. A district court reviews an ERISA plan administrator's benefits determination for abuse of discretion only if the operative plan

endowed it with such discretion; otherwise, review is *de novo. Firestone,* 489 U.S. at 115, 109 S.Ct. 948.

■ We need not decide whether the 1999 Plan or 2000 Plan determines the proper standard of review, nor whether review for abuse of discretion, if appropriate, should be less deferential due to the *prima facie* conflict of interest presented by CNA's status as both plan administrator and insurer. *See Tremain v. Bell Indus., Inc.,* 196 F.3d 970, 976 (9th Cir.1999). Even on ordinary abuse of discretion review, CNA abused its discretion in denying disability benefits to Camerer.

Camerer's regular occupation involved constant manipulation of heavy steel beams surrounded by fast-moving blades and molten metal. Any fair reading of the record before CNA would lead an administrator to conclude that a man with Camerer's documented neuropsychological impairments could not safely engage in that occupation.

Medical records submitted by Camerer show that he suffered the effects of a traumatic brain injury. He had difficulty processing visual information rapidly and filtering extraneous sensory information—indeed, Camerer's score with regard to visual perceptual processing was below that recommended for driving a motor vehicle. He was found to have impaired visual-motor coordination, significantly impaired memory, difficulties with attention, and substantial difficulty retaining newly-acquired information. His doctors stated that he could not return to a job requiring high levels of concentration and "safety awareness" in light of these impairments.

CNA had no independent medical basis upon which to base a contrary decision. Although it had a psychologist review his

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

records, CNA did not retain a neurologist or other medical doctor to review the neurological records or to examine Camerer for cognitive deficits. The three-page psychologist's report on which CNA relied did not so much as mention, much less refute, the primary analysis of Camerer's own physicians: that his cognitive impairments, taken together, made the floor of a steel mill an incurably unsafe workplace for him. Not one of CNA's four denial letters acknowledges any neurological impairment other than a learning problem or explains how CNA could believe Camerer could safely return to *his* prior occupation. "[T]o deny the claim without explanation and without obtaining relevant information is an abuse of discretion." *Booton v. Lockheed Med. Benefit Plan*, 110 F.3d 1461, 1464 (9th Cir.1997).

Aside from the critical omissions, reports from CNA's examiners and claim evaluators reflect misunderstandings of the facts. In concluding that Camerer's impairment did not preclude him from learning new skills, CNA's psychologist and appeals committee both said he had performed the same occupation for several years. In fact, Camerer had been a steel shear operator for only six months. The appeals committee noted Camerer's job required him to lift weight of up to 100 pounds. In reality he had at times to lift as much as 400 pounds. "[A]n administrator ... abuses its discretion if it relies on clearly erroneous findings of fact in making benefit determinations." *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1473 (9th Cir.1993) (citations omitted).

Remand to the plan administrator is appropriate on abuse of discretion review where a wrongful denial of benefits is based on an error in interpreting an ERISA plan. *Saffle v. Sierra Pacific Power Co.*, 85 F.3d 455, 456–57 (9th Cir. 1996). Here, however, the dispute is purely factual, and it is patently clear on the factual record before CNA that Camerer was eligible for "regular occupation" benefits. *See Grosz–Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163 (9th Cir.2001). Determining otherwise was an abuse of discretion. Accordingly, we affirm the judgment for benefits through the twenty-fourth month of Camerer's disability.

## II. Further Eligibility for Benefits

■ On cross-appeal, Camerer asks us to return this case to the district court with instructions to remand to CNA for a determination whether, after the twenty-fourth month of his disability, he remained eligible for benefits under the Birmingham Steel disability plan. After twenty-four months, the criteria for eligibility change to a requirement that the claimant be unable to perform *any* occupation. The current record does not speak at all to Camerer's ability to perform *any* occupation between the time the initial twenty-four month period ended and the present.

Under both the 1999 and 2000 plans, a claimant need only file one proof of disability, demonstrating inability to perform the claimant's regular occupation. CNA "may" seek proof of continuing disability; otherwise, "[y]our benefit will be paid on a[m]onthly basis, so long as [y]ou continue to qualify for it" (emphasis removed).[1] So, had CNA awarded Camerer benefits from the outset, he would have continued to receive benefits under the any-occupation standard unless and until CNA sought proof of disability that Camerer could not provide.

---

1. This language is from the 2000 Plan. The 1999 Plan is substantially the same: "We will pay the Monthly Benefit for each month of Total Disability...."

In denying Camerer's request for continuing benefits through the present, the district court erred in putting the burden on Camerer to prove that he is currently disabled under the any-occupation standard, rather than on CNA to investigate (if it so chose) whether he was. Camerer ought not be penalized again by CNA's initial abuse of discretion; rather, he should be treated as if he had received the first twenty-four months of benefits, as he should have.

We therefore vacate the district court's order denying further benefits and remand to the district court with instructions to remand to CNA. On remand, CNA shall determine and pay any benefits owed to Camerer beyond the twenty-fourth month of his disability. It may exercise its power to seek proof of ongoing disability at that time, as it could have had it paid Camerer the regular-occupation benefits to which he was entitled. *See Saffle*, 85 F.3d at 460–61; *Thomas v. Cont'l Cas. Co.*, 7 F.Supp.2d 1048, 1056 (C.D.Cal.1998).

III. Fees and Costs

Camerer seeks an award of attorney fees and costs under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1). "Ordinarily, if a plan participant or beneficiary prevails [in an ERISA action], ... recover of attorneys' fees is appropriate absent special circumstances making an award unjust." *Canseco v. Constr. Laborers Pension Trust*, 93 F.3d 600, 609–10 (9th Cir.1996). *See also McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir.1999); *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir.1980). CNA does not appeal the award of attorney fees by the district court, and Camerer has prevailed here.

* The Honorable A. Howard Matz, United States District Court Judge for the Central District of California, sitting by designation.

Camerer is awarded reasonable attorney fees and costs associated with this appeal. Fees shall be sought by a timely made motion under Ninth Circuit Rule 39–1.6.

AFFIRMED in part, VACATED in part, and REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.